UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00135-KDB
(5:18-cr-00021-KDB-DCK-1)

| | |
|---|---|
| JUSTIN LAMAR ERWIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.    BACKGROUND**

On April 4, 2018, Pro se Petitioner Justin Lamar Erwin ("Petitioner") was charged in a Bill of Information with one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Two). [CR Doc. 1: Bill of Information]. On the same day, the Government filed an Information Pursuant to 21 U.S.C. § 851 setting forth Petitioner's two previous felony drug convictions in Criminal Case No. 5:11-cv-17-RLV, described more fully below. [See CR Doc. 2: § 851 Information]. The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One and Two in exchange

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:19-CV-00135-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:18-cv-00021-KDB-DCK-1.

for certain defined charging concessions by the Government. [CR Doc. 4 at 1: Plea Agreement].

The plea agreement provided, in part, as follows:

> **2. The Defendant understands that the charging concessions made by the government were made in exchange for the Defendant's agreement to plead guilty. The United States could have charged the Defendant with a violation of 18 U.S. Code Section 924(c) that would have carried a mandatory-minimum sentence of 25 years imprisonment that would have to run consecutive to every other count of conviction.**
>
> **3. The Defendant will admit the violations in the SRV Petition (Document 40) in Docket Number 5:11-cr-17-RLV,[2] and agrees to a sentence at the statutory maximum of five (5) years of imprisonment, to be served consecutive to the sentence in this new, above-captioned case.**
>
> …
> 6. The Defendant is aware that the statutory minimum and maximum sentences for each count are as follows:
> …
> **In this case, the Government has filed an Information regarding one or more felony drug convictions pursuant to 21 U.S.C. 851. The Defendant stipulates, agrees, and affirms that the Information is accurate and valid for purposes of 21 U.S.C. 851, and that the Defendant has no challenge to the same. Thus, the Defendant is facing a statutory sentence of not more than thirty (30) years imprisonment.**
> …

---

[2] In this case, Petitioner pleaded guilty to violations of 21 U.S.C. § 841(a) (Count One), 18 U.S.C. § 924(c) (Count Two), and 21 U.S.C. § 841(b)(1)(D) (Count Three). [Criminal Case No. 5:11-cv-17-RLV, Doc. 11: Plea Agreement]. He was sentenced to terms of imprisonment of six months on each of Counts One and Three, to be served concurrently, and a term of imprisonment of 36 months on Count Two, to be served concurrently to the sentences imposed on Counts One and Three, for a total term of imprisonment of 36 months. [Id., Doc. 22 at 2: Judgment]. On March 4, 2015, Petitioner was arrested on an outstanding warrant for committing a new law violation (Conspiracy to Sell/Deliver Marijuana in Iredell County, North Carolina) and a positive drug test while on supervised release. [Id., see Doc. 26: SRV Petition]. Petitioner admitted guilt to the drug use violation and the Government dismissed the new law violation. [Id., Doc. 34: Revocation Judgment]. The Court sentenced Petitioner to a term of imprisonment of nine months on the drug use violation. [Id.]. On January 25, 2018, Petitioner was again arrested on an outstanding warrant for two additional supervised release violations, drug/alcohol use and failure to maintain lawful employment. [Id., see Doc. 40: SRV Petition; Doc. 50: Revocation Judgment]. A few days later, the Government filed an Addendum to the SRV Petition enumerating five new law violations, also constituting violations of Petitioner's conditions of supervision. The conduct enumerated in these new law violations is the basis for the charges in the instant underlying criminal proceedings. [Id., Doc. 43: Addendum to SRV Petition].

2

> 9. Pursuant to Rule 11(c)(1)(B), the parties agree that they will jointly recommend that the Court make the following findings and conclusions as to the U.S.S.G.:
>
> …
>
> **b. With regard to Count Two, the base offense level is 20 pursuant to U.S.S.G. § 2K2.1(a)(4) a 2-level enhancement applies, because the Defendant possessed a stolen firearm; and a 4-level enhancement applies, because the Defendant possessed the firearm in connection with and in furtherance of a drug trafficking crime, pursuant to U.S.S.G. § 2K2.1(b)(6)(B).**

[Id. at 1-2 (emphases in original)]. In the plea agreement, Petitioner also stipulated to the factual basis that was filed with his plea agreement and agreed that it could be used by the Court and the U.S. Probation Office "without objection by Defendant to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a)." [Id. at 5]. The factual basis provided, in pertinent part, as follows:

> 1. On January 11, 2018, during the arrest of [Petitioner] on an outstanding warrant and the lawful search of his residence located on West Wood Drive in Statesville, North Carolina, within the Western District of North Carolina (WDNC), law enforcement officials recovered several plastic bags containing a total of approximately 40 grams of heroin; approximately $7,000 in U.S. currency; and a stolen Glock, model 19, 9mm semi-automatic pistol.
>
> 2. [Petitioner] possessed the heroin with intent to distribute and possessed the firearm in furtherance of drug trafficking. Moreover, the handgun was manufactured outside the State of North Carolina and, thus, traveled in and effected interstate commerce. Finally, [Petitioner] has previously been convicted of offenses punishable by imprisonment for more than one year, in WDNC Docket Number 5:11-cr-17, and [Petitioner] has not been pardoned, so he was prohibited from possessing the firearm in this case.

[CR Doc. 3 at 1: Factual Basis].

The Magistrate Judge conducted Petitioner's Rule 11 hearing on April 9, 2018. [CR Doc. 6]. At that time, Petitioner testified under oath that he was guilty of the charges to which he was pleading guilty, that he had spoken with his attorney about how the U.S. Sentencing Guidelines

may apply to his case, that the Court could not determine the applicable guidelines range until after Petitioner's Presentence Investigation Report (PSR) was prepared, that he understood and agreed to be bound by the terms of his plea agreement, and that he had read, understood and agreed with the factual basis. [CR Doc. 6 at ¶¶ 13, 14, 24, 26, 30-31]. Petitioner also testified that he understood the rights he was waiving by pleading guilty, including his right to appeal and to challenge his conviction or sentence in post-conviction proceedings. [See id. at ¶¶ 27-28]. Finally, Petitioner testified that he was satisfied with the services of his attorney. [Id. at ¶ 36]. The Magistrate Judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made. [Id. at p. 4].

Prior to Petitioner's sentencing, a probation officer prepared a PSR. [CR Doc. 17: PSR]. In the PSR, the probation officer recommended a Base Offense Level of 20 on Count Two, with a four-level enhancement for use of a firearm in connection with the drug-trafficking charge, U.S.S.G. §2K2.1(b)(6)(B); a two-level enhancement because the firearm was stolen, U.S.S.G. §2K2.1(b)(4)(A); and a three-level reduction for acceptance of responsibility, U.S.S.G. §3E1.1(a), (b); for a Total Offense Level (TOL) of 23. [Id. at ¶¶ 8-10, 18-20]. Together with a Criminal History Category of III, a TOL of 23 yielded a recommended guidelines range of 57 to 71 months' imprisonment. [Id. at ¶¶ 28, 59]. The PSR also noted Petitioner's agreement to admit to the violations in the SRV Petition in Criminal Case No. 5:11-cr-17 and to a sentence at the statutory maximum of five (5) years' imprisonment for those violations, to be served consecutive to the sentence in the instant underlying criminal proceedings. [Id. at ¶ 60].

On October 19, 2018, the Court sentenced Petitioner to a term of imprisonment of 57 months on each of Counts One and Two, to run concurrently to each other and to run consecutively to the sentence imposed in Criminal Case No. 5:11-cr-17 and any pending state court matter. [CR

Doc. 21 at 2: Judgment]. In accordance with the plea agreement, Petitioner was sentenced to a term of 60 months' imprisonment, to run consecutively to his concurrent 57-month sentences, for his supervised release violations. [Case No. 5:11-cr-17, Doc. 50 at 2: SRV Judgment]. Petitioner did not directly appeal his conviction or sentence in either of these criminal matters.

Petitioner timely filed the pending motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. [CV Doc. 1]. Petitioner claims three grounds for relief in his motion: (1) the Court erred under Federal Rule of Criminal Procedure 11(b)(3) in accepting Petitioner's guilty plea where the Government did not prove he knew that he was a felon when he possessed the firearm on the § 922(g) charge under Rehaif v. United States, 139 S. Ct. 2191 (2019)[3]; (2) his counsel was ineffective in failing to recognize that Petitioner was subject to a four-level sentencing enhancement for using a firearm in furtherance of the heroin charge despite the Government's concession to charge Petitioner with a violation of 18 U.S.C. § 924(c); and (3) his counsel was ineffective for failing to challenge the five-year term of imprisonment on Petitioner's supervised release violation. [CV Doc. 1-1 at 3].

The Court ordered the Government to respond to Petitioner's motion, [CV Doc. 2], and the Government timely responded [CV Doc. 4]. Petitioner did not reply.

This matter is ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims

---

[3] In Rehaif, the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200.

5

set forth therein.  After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Rule 11 Rehaif Claim

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges."  United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).  Thus, after a guilty plea, defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  Blackledge v. Perry, 417 U.S. 21, 29-30 (1974).  Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal case."  Id.

An appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made.  United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).  The Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement.  See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).  There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims," such as a sentence in excess of the statutory maximum or a challenge to the validity of a guilty plea.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Here, the Court complied with Rule 11.  The Court questioned Petitioner whether he understood the nature of the charges, his sentencing exposure, the rights he was waiving by

6

pleading guilty, and the consequences of pleading guilty, including the waiver of his appellate and post-conviction rights. Petitioner affirmed his understanding of the foregoing. Petitioner also admitted that he was in fact guilty of the charges he was pleading to. Petitioner's guilty plea was, therefore, freely and voluntarily entered. See generally Lemaster, 403 F.3d at 221-22 (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary). As such, Petitioner's knowing and voluntary guilty plea, including the waiver of post-conviction rights, waived Petitioner's present Rehaif claim. See United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016) (a waiver remains valid even in light of a subsequent change in law).

Furthermore, a § 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice or demonstrates that he is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 Fed. App'x 296, 299 (4th Cir. 2008). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). A subsequent change in the law justifies the failure to raise an issue only where the state of the law was such that "the legal basis for the claim was not reasonably available when the matter should have been raised." Id. Futility does not establish cause to excuse procedural default. See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting the "alleged futility cannot serve as 'cause' for procedural default in the context of collateral review").

To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his *actual* and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F. 3d 579, 584 (4th Cir. 2014). Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." See Mikalajunas, 186 F.3d at 494.

Here, Petitioner has not demonstrated cause and prejudice or actual innocence, and no exception to the procedural default rule is evidenced from the record. See Bousley, 523 U.S. at 621-22. In fact, Petitioner does not contend – and the record firmly contravenes – that he was unaware of this felony status at the time he possessed the firearm at issue. To be sure, Petitioner served a three-year sentence for his prior felony convictions and was serving his term of supervised release on those convictions when he committed the instant offense. Furthermore, Petitioner makes no showing that he was substantially disadvantaged by being unaware of the knowledge requirement because he did not allege that he did not know he was a felon, nor does he allege that he would not have pleaded guilty had he known this requirement.

In sum, Petitioner's Rule 11 Rehaif claim has been waived and is procedurally barred, in any event. It will be dismissed.

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a

8

Case 5:19-cv-00135-KDB   Document 5   Filed 09/30/20   Page 8 of 12

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). The petitioner's "subjective preferences" are not dispositive, but rather the test is "whether proceeding to trial would have been objectively reasonable in light of all of the facts," United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012), and whether the petitioner has shown that there is "contemporaneous evidence" supporting his expressed preferences, Lee v. United States, 137 S. Ct. 1958, 1967 (2017).

When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider

9

the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

### 1. Sentencing Enhancement

Petitioner claims that his attorney should not have allowed him to plead guilty to the four-level sentence enhancement for possession of a firearm in furtherance of a drug-trafficking offense. He argues that the application of this enhancement left him "in no better position" than if he had been convicted of violating § 924(c), which amounts to an "unwarranted" term of imprisonment. [CV Doc. 1-1 at 6-7]. Petitioner's argument is wholly without merit. The four-level enhancement raised Petitioner's TOL from 19 to 23. With a Criminal History Score of III, this raised his guidelines range from 37 to 46 months to 57 to 71 months' imprisonment, or by 20 to 25 months' imprisonment. Had Petitioner been convicted of the § 924(c) offense, which would have been his second such conviction, his sentence would have been increased by the mandatory statutory minimum consecutive sentence of 25 years. Counsel's negotiation of this agreement was far from deficient.

Furthermore, even if Petitioner had shown deficient performance, he has not and cannot show prejudice where he faced a substantially reduced sentence due to the plea agreement. Moreover, Petitioner does not allege that he would have insisted on going to trial and any such allegation would not be objectively reasonable, in any event. As such, Petitioner cannot show a reasonable probability that, but for his counsel's performance, his sentence would have been lower. See Royal, 188 F.3d at 249.

### 2. Revocation Sentence

Petitioner also claims his counsel was ineffective for failing to challenge the five-year sentence the Court imposed on revocation of Petitioner's supervised release in Case No. 5:11-cr-

17. Namely, Petitioner contends that he should have been credited for the nine months he served on his first supervised release revocation. This claim is equally without merit. Petitioner waived the right to challenge this sentence by agreeing to the five-year term the Court imposed as part of the plea agreement in the instant underlying criminal proceedings. Furthermore, Petitioner has failed to overcome his sworn representations to the Court that he understood and agreed with the terms of the plea agreement and that he entered it knowingly and voluntarily. See Lemaster, 403 F.3d at 222. Moreover, Petitioner's counsel was not deficient, nor was Petitioner prejudiced, by agreeing to a valid term of imprisonment as part of a negotiated plea agreement to save Petitioner from being charged with a § 924(c) offense that carried a mandatory minimum 25-year consecutive sentence. See Strickland, 466 U.S. at 687-88, 694.

Finally, Petitioner's claim is substantively without merit, in any event. Under 18 U.S.C. § 3583(e)(3), "a defendant whose term [of supervised release] is revoked … may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony." "[T]he phrase 'on any such revocation' permits the district court to start anew with the statutory maximum without aggregating any post-revocation imprisonment." United States v. Harris, 878 F.3d 111, 119 (4th Cir. 2017), cert. denied, 139 S. Ct. 59 (2018). The Court, therefore, was not required to credit Petitioner for the nine months he served for his first revocation; the five-year term imposed was proper, given the parties' agreement and Petitioner's underlying Class A felony § 924(c) offense.

In sum, the Court will deny Petitioner's claims of ineffective assistance of counsel for his failure to show that his counsel's performance was deficient or that he was prejudiced by counsel's conduct relative to sentencing. See Strickland, 466 U.S. at 687-88; Royal, 188 F.3d at 249.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: September 30, 2020

Kenneth D. Bell
United States District Judge